# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

In re: DAVID WHITMORE,    )
                                       )        No. MC-14-005-JHP
       Petitioner.    )

## OPINION AND ORDER

Petitioner David Whitmore, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed this petition to perpetuate testimony pursuant to Fed. R. Civ. P. 27. (Dkt.1). He asserts he intends to file a civil rights action in this court against prison officials alleging retaliation, denial of medical treatment, access to the courts, and denial of the right to practice his religion. Because of his "very heavy caseload" of eight pending state and federal lawsuits, however, he cannot commence any new actions at this time. In addition, he claims that at the time he filed this action, he was confined in administrative segregation, was being denied access to the law library, and was being thwarted in his attempts to exhaust administrative remedies.

Petitioner is asking to depose and obtain documentary evidence from 18 individuals, including DOC officials and prisoners concerning his future civil rights case.

> The reason the petitioner desires to prepetuate [sic] the testimony is because certain staff and officers may be transferred, or even retire from their current positions, and info./facts can be lost from memory. The prisoners also can be transferred, or even discharged from prison making it hard to obtain testimony from them, about their individual cases. This evidence and testimony is very much needed to support [petitioner's] case, as well as to revive their cases if need be.

(Dkt. 1 at 6).

Rule 27 provides for perpetuation of testimony when "the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought." Fed. R. Civ. P. 27(a)(1)(A). The district court is required to issue an order to perpetuate testimony if it is "satisfied that perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). Rule 27 is not a substitute for discovery. Rather, it "properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." *Hibernia Nat'l Bank v. Robinson*, 67 Fed. Appx. 241, 2003 WL 21108502, at *1 (5th Cir. 2003) (citing *Ash v. Cort,* 512 F.2d 909, 911 (3d Cir. 1975)).

Here, the court finds that other than his self-serving allegation that he is too busy with his pending litigation to initiate another lawsuit, petitioner has failed to show he presently is unable to bring a civil rights action in a United States court. *See* Fed. R. Civ. P. 27(a)(1)(A). *See also Shore v. Acands,* 644 F.2d 386, 388 (5th Cir. 1981). Furthermore, he has not shown that there is a reasonable likelihood the witnesses named in his petition may be unavailable if he does file another civil rights complaint. His claim that the proposed witnesses may transfer, retire, or be discharged from DOC custody is pure speculation and does not meet the standards of Rule 27.

**ACCORDINGLY,** petitioner's petition to perpetuate testimony (Dkt. 1) is DENIED, and this action is DISMISSED in its entirety.

DATED this 17th day of November 2014.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma